UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TOURO INFIRMARY**  * **CIVIL ACTION**

**VERSUS**  * **NO. 07-1441**

**AMERICAN MARITIME OFFICER, ET AL.**  * **SECTION "L"(4)**

### ORDER & REASONS

Before the Court is Plaintiff Touro Infirmary's Motion to Remand. (Rec. Doc. No. 23) After reviewing the briefs, hearing the parties' argument and considering the law, for the following reasons the motion is GRANTED.

**I.  Factual and Procedural Background**

Touro Infirmary ("Touro") and Multiplan Inc. ("Multiplan") executed an agreement, effective March 1, 2001 (the "Multiplan Contract"), whereby Touro agreed to charge discounted rates for providing health care services to health insurance companies and health plans that are part of Multiplan's network of companies.[1] Under the agreement, Multiplan named Touro as a "preferred provider" and in exchange, when one of the enrollees received health care services at Touro, the health insurance companies and health plans that are part of the Multiplan network were to be billed at discounted rates.

When a patient received medical treatment at Touro, the patient was required to present their benefits card to the hospital. According to Touro, when a patient presented a benefits card

---

[1] Touro is not a party to the Multiplan Contract; the Multiplan Contract is between Multiplan and Choice Healthcare, Inc. Touro alleges that it is a principal of Choice Healthcare and is the proper party to bring this case.

bearing the Multiplan logo, the relevant health plan was billed at the negotiated discounted rates; when the patient presented a benefit cards without the Multiplan logo, Touro billed the relevant health plan at the fair market value of the services.  Touro alleges that during the time the Multiplan Contract was in effect, several patients sought treatment at Touro and their benefits cards did not bear the Multiplan logo and Touro billed these health plans at the fair market rate for their services.  However, according to Touro, certain health plans paid Touro at the negotiated discounted rates instead of the amounts billed.

Touro filed suit on February 22, 2007 against the Defendants in the Civil District Court for the Parish of Orleans, State of Louisiana.[2]  The complaint is captioned "Petition on Open Account and For Damages/Penalties," and Touro alleges that the Defendants are in violation of Louisiana Revised Statute 40:2203.1.  Louisiana Revised Statute 40:2203.1 provides that alternative rates of payment negotiated between the health care provider and the preferred provider organization shall not be enforceable or binding upon the provider unless such organization is clearly identified on the benefit card issued by the group purchaser.  According to Touro, the absence of the Multiplan logo on the enrollees insurance allows Touro to bill for the fair market value of the services provided and entitles Touro to penalties pursuant to the statute.

---

[2] The Defendants include American Maritime Officer, Great West Life & Annuity, Health Plus of Louisiana, Inc., HMA, Inc., Medical Mutual of Ohio, Medical Mutual of Omaha, Perfect Health Insurance Company, Preferred Medical Claim Solutions, Sharp Health Plan, Southwest Life & Health Insurance Company, United of Omaha Life Insurance Company, AmeriHealth Administrators, AmeriHealth New Jersey, Benefit Planners Limited, LLP, Brokerage Concepts, Inc., Pan American Life Insurance Company, Universal Health Services, Inc. Medical Plan, CoreSource, Inc./Formosa Plastics, Golden Rule Insurance Company, PacifiCare Health Plan Administrations, Inc., Health Net, Inc., IATSE Local 39 c/o Palmer & Cay Consulting Group, Kaiser Foundation Health Plan of Colorado, Inc., Kaiser Foundation Health Plan, Inc., Kaiser Foundation Health Plan of Georgia, Inc., Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., Kaiser Permanente Insurance Company, and Pacific Life & Annuity Company (collectively, the "Defendants")

United Health Services, Inc. ("UHS"), joined by the other Defendants, removed the case to federal court on March 26, 2007, arguing jurisdiction was proper pursuant to 28 U.S.C. §1331 because the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq.,[3] preempted all of Touro's claims.  UHS characterizes Plaintiff's claims as claims for benefits under an employee welfare benefits plan governed by ERISA rather than claims for breach of contract and argues that ERISA completely preempts all of the state law claims in a suit on an open account for medical services.  According to UHS, Touro is seeking additional benefits as an assignee of the enrollees, and as such had standing to sue under ERISA and *only* under ERISA.

Kaiser Foundation Health Plan of Colorado Inc, Kaiser Foundation Health Plan Inc., Kaiser Foundation Health Plan of Georgia Inc., Kaiser Foundation Health Plan of Southern California, Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., and Kaiser Permanente Insurance Company (the "Kaiser Defendants") argue in their consent to removal that, in addition to federal question jurisdiction, removal was proper with respect to the Kaiser Defendants under diversity jurisdiction in that Touro has improperly joined its claims in one action.[4]

## II.    Motion to Remand

On April 23, 2007, Touro moved to remand this action to state court.[5]  Touro argues that

---

[3]     Rec. Doc. No. 1.

[4]     Rec. Doc. No. 1, Ex. 10.

[5]     Rec. Doc. No. 23.  Touro's motion was originally set for hearing on May 30, 2007.  The Court granted oral argument on the motion to remand and rescheduled the hearing date for June 13, 2007.  Rec. Doc. No. 33. The Kaiser Defendants moved to continue the hearing on Touro's motion and also moved for discovery on jurisdictional issues.  Rec. Doc. No. 38.  On May 22, 2007, this case was transferred from Section R of this Court to Section L.  Rec. Doc.

ERISA does not preempt its state law claims because Touro, as a third-party provider, is neither a beneficiary nor a participant of the Defendant health plans. ERISA is inapplicable, according to Touro, because although each patient signs an "Assignment of Benefits," this assignment merely allows direct payment to Touro from the Defendants and does not confer on Touro any of the patients' rights beyond payment. Touro argues that it did not (and could not) file a claim either seeking to recover benefits under the terms of a plan, to enforce anyone's rights under the plan, nor to clarify rights for future claims under a plan, and thus ERISA is not relevant to their claims. Further, Touro argues that the Defendants' duty to pay for the health care services provided to their enrollees are legal duties independent of ERISA and the lawsuit is based on interpretation of the agreement between the Defendants and Multiplan which is entirely governed by state law.

With respect to whether the Court has diversity jurisdiction, Touro agrees that the Kaiser Defendants are diverse and that the jurisdictional amount is met, but insist that the Kaiser Companies were properly joined with the other defendants in this case. Specifically, three of the Defendants are, like Touro, citizens of Louisiana and, therefore, complete diversity is lacking. Touro argues that all of the defendants (including the Kaiser Defendants) were parties of agreements with Multiplan to receive discount rates at Touro and therefore shared the common interest necessary for proper joinder and were subject to venue in Orleans Parish, where the

---

No. 58. Shortly after the case was transferred, the Court continued the motion to remand (as well as several other motions) without date. Rec. Doc. No. 63. The Court held a status conference on July 17, 2007, to discuss the states of the case and to discuss the Kaiser Defendant's motion for discovery on jurisdictional issues. At the status conference, the Court granted the Kaiser Defendant's motion and allowed the parties 45 days to conduct limited discovery with respect to jurisdictional issues. Rec. Doc. No. 85. The Court then set the motion to remand for hearing on September 12, 2007, at 9:00 a.m. *Id.* The Court, on Touro's motion, continued the hearing date on the motion to remand until October 10, 2007, at 9:00 a.m. Rec. Doc. No. 107.

service promised under the terms of the contract was performed.  Touro's allegations are virtually the same for each Defendant.  Accordingly, Touro believes that all of the Defendants are similarly situated for procedural purposes, and thus properly joined under Louisiana Code of Civil Procedure Article 463.

Pan American Life Insurance ("Pan Am") filed an opposition to Touro's motion arguing that Touro's claims are completely preempted by ERISA.[6]  Specifically, Pan Am argues that courts have consistently held that suits on open account are suits for benefits under §502(a) of ERISA.  Also, Pan Am argues that with respect to the specific claims against it, it did not pay Touro for some of the amounts billed because the invoice included ineligible charges and Pan Am did not apply a discount to these bills.  UHS and Brokerage Concepts, Inc. filed a separate memorandum in opposition advancing nearly identical arguments as Pan Am.[7]

The Kaiser Defendants also filed a separate memorandum in opposition to Touro's motion to remand.[8]  First, the Kaiser Defendants addressed whether Touro's claims are preempted by ERISA.  Touro, according to the Kaiser Defendants, could have brought its claims under the civil enforcement provision of ERISA based on the fact that Touro received an assignment of benefits from its patients and because Touro's claims are not based on an independent legal duty.  Therefore, according to the Kaiser Defendants, under the relevant Supreme Court precedent, Touro's claims are preempted by ERISA.  Second, the Kaiser Defendants address whether diversity jurisdiction also exists.  The Kaiser Defendants argue that Touro, for a variety of reasons, cannot state a cause of action against the three non-diverse

---

[6]  Rec. Doc. No. 127.

[7]  Rec. Doc. No. 128.

[8]  Rec. Doc. No. 137.

defendants.[9]  Also, the Kaiser Defendants argue that Touro improperly joined its claims in one action because the claims lack a community of interest.

### III. Law and Analysis

#### A. Standard for Motion to Remand

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The removal statute should be strictly construed in favor of remand and any ambiguities should be construed against removal.  *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 U.S. 720, 723 (5th Cir. 2002).

#### B. Federal Jurisdiction

##### 1. Federal Question

Pursuant to 28 U.S.C. § 1441(b), a defendant may remove to federal court "[any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the Untied States."  *See In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).  A federal question exists when "there appears on the face of the complaint some substantial, disputed question of federal law."  *Id.* (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)).

ERISA contains a preemption clause that states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  Ordinarily, preemption is a defense to the plaintiff's suit and therefore it does not appear on the face of the complaint; accordingly, a defense of federal preemption would not

---

[9] To note, the Kaiser Defendants did not raise this ground for removal in their consent to removal.  *See* Rec. Doc. No. 1, Ex. 10.

permit removal to federal court.  *See, Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987).  However, the Supreme Court has held that Congress' intent was to have the ERISA preemption clause interpreted in the broadest possible manner and a cause of action within the civil enforcement provisions of §502(a) are, therefore, removable to federal court.  *Id.* at 66-67.

Recently, the Supreme Court has addressed the removability of cases involving ERISA preemption.  *See, Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2006).  In *Davila*, a beneficiary and a participant filed sued their HMOs for alleged violations of the Texas Health Care Liability Act ("THCLA").  *Id.* at 204-05.  The Supreme Court was asked to decide whether ERISA completely preempted the Plaintiffs' state law claims.  *Id.*  The Supreme Court stated that:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B)....  In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no independent legal duty that is implicated by a defendant's actions, then the individuals cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Id.* at 210 (internal quotations and citation omitted).

To determine whether Touro's claims against the Defendants are completely preempted, the Court must first determine whether Touro could have brought its claims pursuant to ERISA.  Health care providers are not statutorily designated as ERISA beneficiaries.  *Dallas County Hospital District v. Blue Cross Blue Shield of Texas*, 2006 WL 6804073, *4 (N.D. Tex. March 14, 2006).  However, a health care provider has standing to sue under § 502(a) when a plan beneficiary or participant validly assigns his or her right to benefits under the plan to the provider.  *See Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988); *see also Center For Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of*

*Louisiana*, 2007 WL 1428717, *4 (E.D. La. May 10, 2007).

In *Pasack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*, the Third Circuit Court of Appeals addressed a suit brought by a third party health care provider.  388 F.3d 393 (3rd Cir. 2004).  The hospital had agreed to accept discounted payment for medical services provided to subscribing health plans' participants and beneficiaries.  *Id.* at 396.  The hospitals did not contract directly with the health plans, but entered into contracts with a preferred provider organization which entered into agreements with the various plans.  These agreements provided that the health plans had to remit payment to the hospital for covered services rendered to eligible persons within a certain period or the discounted rate for those services would be forfeited.  *Id.* at 205.  The health plan paid the hospital at the discounted rate, but the hospital alleged that the payments were made after the eligible time period and were improperly discounted.  *Id.*   The key to the court's decision was the fact that there was no evidence that the plaintiff received any assignments of benefits, and "[t]he absence of an assignment [was] dispositive of the complete preemption question."  *Id.* at 404.

"An assignment is 'a manifestation to another person by the owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or third person.'"  *Harris Methodist Fort Worth v. Sales Support Services Inc. Employee Health Care Plan*, 426 F.3d 330, 334 (5th Cir. 2005) (quoting *Wolters Village Mgmt. Co. v. Merchants & Planters Nat'l Bank of Sherman*, 223 F.2d 793, 798 (5th Cir. 1995).  "Once a valid assignment is made, 'the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such performance.'"  *Id.* (quoting RESTATEMENT (SECOND) OF CONTRACTS § 317(1) (1981)).

Here, Touro admits it received an assignment of benefits from its patients.  Each

patient who is treated by Touro signs a document entitled "Conditions of Services at Touro Infirmary" that contains an Assignment of Benefits clause that reads:

> In consideration of the care and services furnished and to be furnished by the Hospital, I assign and hereby authorize, whether I sign as agent or as Patient, direct payment to the Hospital and/or to any Hospital based physician of all insurance and health plan benefits otherwise payable to or on behalf of me for this hospitalization or for these outpatient services, including emergency services if rendered. It is understood by me that I am financially responsible to the Hospital for charges not covered by this assignment.

Touro, however, argues that this assignment of benefits only allows Touro to bill its patient's insurance companies directly, and that the assignment does not confer any additional rights to Touro. The Defendants argue that this provision is a full assignment of benefits that would allow Touro to bring claims under ERISA.

In *Dallas County Hospital District v. Blue Cross Blue Shield of Texas*, the court held that a hospital had standing to pursue claims under ERISA where the hospital received an assignment of benefits that "authorize[d] payment directly to [Plaintiff] of all benefits otherwise payable to me or for me by any third party payor." 2006 WL 680473 at *4. The court stated that it "could only conclude that [the patient] intended to assign all her benefits, including benefits under the Plan, to [the hospital]. As her assignee, [the hospital] would take any and all rights that Plaintiff had under the Plan, no more and no less." *Id.*

However, in *Cooper Hospital University Medical Center v. Seafarers Health and Benefits Plan*, the district court for the District of New Jersey held that an assignment of benefits clause substantially similar to the one used by Touro was not an unequivocal assignment of the patients rights under the relevant health plan. 2007 WL 2793372, *3 (D.N.J. Sept. 25, 2007). The assignment of benefits clause in that case read:

> I hereby authorize payment direct to Cooper Hospital/University Medical Center of the insurance payments otherwise payable to me, but not to exceed the hospital rate.  In the event that my insurance company does not approve any or all of my hospital or associated medical charges; I hereby give Cooper Health System my consent to pursue all available appeal processes.

*Id.*  The court stated that this language was not "an unequivocal assignment," but "[r]ather, it allows the Hospital to receive payments directly from [the defendant]."  *Id.*  "It [did] not give the Hospital the right to pursue litigation based upon [the defendant's] refusal to pay charges."  *Id.*; *see also Somerset Orthopedic Associates, P.A. v. Aetna Life Ins. Co.*, 2007 WL 432986, *2 (D.N.J. Feb. 2, 2007) ("The Court also determining that the defendant has not met its burden of demonstrating that the Beneficiary executed a relevant assignment for ERISA preemption, as the assignment authorizes nothing more than direct payment to the plaintiff.").

The Court is persuaded by *Cooper Hospital University Medical Center* and finds that the Assignment of Benefits clause signed by Touro's patients is not a full assignment of benefits.  Rather, the clause simply authorizes direct payment to Touro and makes the patient responsible for any charges not paid by the patient's health plan.  The clause states that, in the event the patients' health insurance does not cover charges, the patient remains financially obligated to Touro for such charges.  Because the Court finds that this assignment of benefits is not a full assignment of benefits, Touro is not a plan beneficiary or participant and therefore cannot sue under § 502(a).  Accordingly, Touro's claims are not preempted by ERISA.

## 2. Diversity Jurisdiction

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties

in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). This Court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction. *See* 28 U.S.C. § 1359.

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### a. Fraudulent Joinder of Defendants

"The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *see also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

The Kaiser Defendants argue that Touro cannot state a cause of action against the three in-state defendants for a variety of reasons.  First, with respect to Pan American Life Insurance Company ("Pan Am"), the Kaiser Defendants argue that Touro's claims against Pan Am are prescribed.  Second, with respect to IATSE Local 39, the Kaiser Defendants argue that Touro has sued the wrong entity.  Third, with respect to Health Plus of Louisiana, Inc. ("Health Plus") the Kaiser Defendants argue that two of Touro claims are prescribed and that Touro cannot show that the Multiplan logo was not on Health Plus' benefits cards.

With respect to the claims against Health Plus, Health Plus has provided an affidavit that from its Chief Operating Officer that states that the Multiplan logo was on the benefits cards issued by Health Plus.  The Kaiser Defendants argue that the Plaintiff has not (and cannot not) produce any evidence that shows that the Multiplan logo was not on Health Plus' benefits cards.  As stated above, all disputed questions of fact must be resolved in favor of the non-moving party, and here there is a disputed question of fact as to whether the Multiplan logo appeared on Health Plus' benefits cards.  Because of this factual conflict, the Court cannot say that there is no possibility of recovery against Health Plus.  Accordingly, the Court finds that Health Plus was not improperly joined and that complete diversity of citizenship does not exist.

b. **Fraudulent Joinder of Claims**

The Kaiser Defendants argue that the Court should rely on the third type of improper joinder identified in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), in finding that the Plaintiff improperly joined its claims.  In *Tapscott*, the Eleventh Circuit

recognized a third type of fraudulent joinder in addition to showing actual fraud in the pleading jurisdictional facts and the inability of the plaintiff to establish a cause of action against the non-diverse defendant. 344 F.3d at 1360. The Eleventh Circuit held that the "egregious" misjoinder of parties that have no real connection to each other, as opposed to "mere" misjoinder, can constitute improper joinder. *Id.* As thoroughly explained by the court in *Accardo v. Lafayette Ins. Co.*, the Fifth Circuit has appeared to adopt the *Tapscott* doctrine in *In re Benjamin Moore & Co.* and *Crockett v. R.J. Reynolds Tobacco Co.* 2007 WL 325368, *2-*4 (E.D. La. Jan. 30, 2007).

The Court has previously discussed its reasoning as to why the application of Louisiana's joinder rules is appropriate in this situation. *See Turner v. Murphy Oil USA, Inc.*, 2007 WL 2407310, *6 (E.D. La. Aug. 20, 2007). Article 463 of the Louisiana Code of Civil Procedure states:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

La. Code Civ. P. art. 463. A "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Mauberret-Lavie v. Lavie*, 850 So.2d 1, 2 (La. Ct. App. 2003).

Touro argues that there is a community of interest between the parties joined because all the defendants have a common interest in the subject matter of the suit and because all parties to agreements with Multiplan, Inc., which in turn contracted with Touro and other health care

service providers to achieve discounted rates for the defendant plans.  In opposition, the Kaiser Defendants argue that Touro claims have been misjoined because its claims do not arise out of a common set of facts, rather Touro's claims involve separate claims that are different from each other.

The Court finds that there is sufficient factual overlap between the claims against the Defendants to make it a matter of common sense for the parties to litigate these claims together.  Touro claims that it entered into a contract with Multiplan, and that the Defendant health plans entered into separate contracts with Multiplan.  It is this nexus that makes the joinder of all of the defendants in suit proper.  Whether or not the joinder of these claims is ultimately proper, at this time, it does not appear that the joinder of these claims rises to the "egregious" level required by *Tapscott.*

**IV.   Conclusion**

Accordingly, Plaintiff Touro Infirmary's Motion to Remand is GRANTED, and this matter is hereby REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 21st day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE